IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | 1:13-02017-TCB-JFK |
| DIAMOND DEVELOPMENT & ) | |
| INVESTMENTS INC. d/b/a ) | |
| DIAMOND DAVE'S STEAKHOUSE, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff BARBARA SMITH, and opposes the Motion to Dismiss filed by Defendant DIAMOND DEVELOPMENT & INVESTMENTS INC. d/b/a DIAMOND DAVE'S STEAKHOUSE ("Diamond Dave's").

### I.     Background

On June 18, 2013, Plaintiff commenced this suit against Defendant for violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Doc. 1.) She thereafter retained the services of Marc Allard and Atlanta Legal Services, Inc. ("ALS") to effectuate service of process on Defendant through its owner and registered agent, David Ulmer. (Doc. 3 and Exh. A thereto.)

Mr. Allard and ALS attempted service on Ulmer at least five times at his home address, and six times at the business address of Diamond Dave's, all of

1

which were unsuccessful. (*Id.*) Ulmer was present at these locations when service was attempted but refused to come to the door or otherwise greet Mr. Allard. (*Id.*)

On October 15, 2013, Plaintiff moved for a 60-day extension of time to personally serve Ulmer. (Doc. 3.) In her motion, Plaintiff explained that after having "repeatedly and unsuccessfully attempted service of process on Defendant at multiple addresses," she was "of the belief that Ulmer is deliberately and intentionally evading service of process as registered agent for Defendant Diamond Dave's." (*Id.*) This Court granted Plaintiff's motion on October 22, 2013, and extended the time for Plaintiff to serve Ulmer until December 16, 2013. (Doc. 4.)

On October 22, 2013, Plaintiff retained Elizabeth Shepherd of Triple Threat Legal Service to serve Ulmer with process. (*See* Shepherd Affidavit, attached as Exhibit 1.) After four separate and unsuccessful attempts to serve him, Ms. Shepherd finally effected personal service of process upon Ulmer on October 29, 2013. (Shepherd Aff., Exh. 1; *see also* Doc. 5.) As Ms. Shepherd explains in her Affidavit:

> At approximately 1:30 p.m. on October 29, 2013, I arrived at Mr. Ulmer's residence and I saw an older white male standing in the driveway speaking to man standing in the doorframe of the front door, holding the glass door open. I also saw a portable workbench/saw horse further down the driveway.
>
> I immediately recognized David Ulmer as the man standing in the doorframe from pictures and YouTube videos I had seen on the Diamond Dave's website, and I made direct eye contact with him.

2

> I continued down the street to the cul-de-sac and turned around. As I re-approached Mr. Ulmer's house, I saw the man fitting Mr. Ulmer's description leaning into the driver's side of a black Toyota Tundra, with the license plate number DBU 111.
>
> I pulled into the driveway next door, and as I exited my vehicle, the man fitting Mr. Ulmer's description and I re-established eye contact. He hurried up the front porch stairs, turned around and looked at me through the glass door as I was approaching the door. He then closed the front wooden door as I was approximately 6 feet away from it.
>
> I called out "excuse me, excuse me, Mr. Ulmer." There was a big open window to my left of the front door and he was standing in it looking at me. **I stated "Mr. Ulmer, I have service for you." He replied "I'm not taking it."**
>
> At this point I saw what appeared to be a white female walk up beside him, to his right. **I stated "I am a process server, and I have Federal court papers to serve to you." Mr. Ulmer stated "Nope, not taking it." I replied "either you can come out and accept the papers or I can leave them on your porch, either way, you have been served."** He replied "that's not me!"
>
> I put the service copies on the front porch and stated "Mr. Ulmer, you have been served." As I was leaving I once again saw the older gentleman, this time further down the driveway at the portable workbench/sawhorse.

(Shepherd Aff., Exh. 1) (numbered paragraphs and indentions omitted) (emphasis supplied).

## II.     Argument

Fed. R. Civ. P. 4(e), which governs service upon an individual, provides that service may be made by delivering a copy of the summons and of the complaint to the individual personally. "Rule 4 is a flexible rule that should be liberally

3

construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994); *accord United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Given this flexibility, though it is the norm in effectuating personal service, "a face to face encounter and an in hand delivery is not always essential." Wright & Miller, *Federal Practice and Procedure*, § 1095 at 71. As Wright & Miller explain:

> The general rule is that if a defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in defendant's presence or, if a touching is impossible, simply to leave them in defendant's physical proximity. It is not crucial in these circumstances that defendant does not take the papers into possession. Since this procedure satisfies the objective of giving notice to the party to be served, it seems to be entirely sufficient to satisfy Rule 4.

*Id*. at 71-72 (emphasis added).

A prime example is the case of *Errion v. Connell*, 236 F.2d 447 (9th Cir. 1956). In *Errion*, personal service was held sufficient where the Sheriff, after seeing and speaking to the defendant and seeing her duck behind a door, pitched the service papers through a hole in the screen door of her apartment and told her brother that the Sheriff was making service upon her. *Id*. at 457. Other courts similarly have found service of process to be sufficient to confer jurisdiction despite the lack of hand-delivery or face-to-face encounter. *See, e.g., Gambone v.*

*Lite-Rock Drywall Corp.*, 124 Fed. Appx. 78 (3rd Cir. 2005) (after series of thwarted attempts at personal service, demonstrating defendant's active evasion, "leaving the papers on the doorstep after the door was slammed and announcing 'you have been served' was sufficient personal service when evidence demonstrated that defendant actually received the papers); *Doe I v. Liu Qi,* 349 F.Supp.2d 1258, 1275 n.5 (N.D. Cal. 2004) ("[w]here a defendant attempts to avoid service e.g. by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant"); *Mobern Elec. Corp. v. Walsh*, 197 F.R.D. 196 (D.D.C. 2000) (service sufficient when process server allowed documents to fall to the defendant's feet and returned shortly thereafter to find the documents no longer lying on the ground); *Roth v. W.T. Cowan, Inc.*, 97 F. Supp. 675 (E.D.N.Y. 1951) (defendant who attempted to evade service deemed properly served where process server left the complaint and summons on the seat of defendant's truck and it was shown defendant received notice of the proceedings); *Currie v. Wood*, 112 F.R.D. 408, 409-10 (E.D.N.C. 1986) (service proper where individual identified himself as a representative of the plaintiff's counsel and told defendant he had an envelope to deliver to him, but defendant refused without explanation, so the server placed the envelope on the

seat of a nearby truck belonging to defendant's employee while defendant stood nearby and watched).

In the current case, two different process servers retained by Plaintiff to effectuate service upon Defendant's registered agent (David Ulmer) experienced virtually the same difficulty. (See Docs. 3, 5, and Shepherd Aff.) Like the defendants in the cases cited above, Ulmer was actively attempting to evade service in connection with this case. And like those other cases, Ulmer refused to accept service when the process server approached his residence and identified the nature of the documents. (*See* Shepherd Aff.) Accordingly, it was sufficient for Ms. Shepherd to place the Summons and Complaint on Ulmer's front porch in close proximity to the front door of his personal residence while Ulmer observed and heard Ms. Shepherd loudly announce that he had been served. At the very least, these facts demonstrate that Plaintiff has substantially complied with Rule 4, especially when that rule is "flexibly construed" as mandated by applicable precedent. *United Food & Commercial Workers Union*, 736 F.2d at 1382. *See also Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (dismissal based on a party's failure to strictly comply with service of process is not required if party substantially complied with service requirement and Defendant was on notice of the action); *Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144 (D.C. Ariz. 1970) (liberal

construction of Rule 4(d)(1) is appropriate when defendant has received actual notice).

### III. Conclusion

At all material times, Defendant was on notice of this action, and has failed to demonstrate how he was prejudiced by Plaintiff's failure to have Ms. Shepherd physically touch Ulmer with a summons. Consequently, this Court should deny Defendant's motion to dismiss. Alternatively, this Court should conduct an evidentiary hearing to ascertain the credibility of the witnesses who provided declarations to date, and/or allow Plaintiff to cure service to the extent this Court deems it insufficient. *See, e.g., McGee v. Cook*, 2011 U.S. Dist. LEXIS 39050 (M.D. Fla. Apr. 11, 2011) (where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant) (quotation omitted)).

Respectfully submitted, this 4th day of December, 2013.

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | 1:13-cv-02017-TCB-JFK |
| DIAMOND DEVELOPMENT & ) | |
| INVESTMENTS INC. d/b/a ) | |
| DIAMOND DAVE'S STEAKHOUSE, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day typed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS with one of the font and point selections approved in LR 5.1C and electronically filed it with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 4th day of December, 2013.

>s/Paul J. Sharman
>Paul J. Sharman    227207
>The Sharman Law Firm LLC
>11175 Cicero Dr., Suite 100
>Alpharetta, Georgia 30022
>(678) 242-5297
>paul@sharman-law.com
>
>Attorney for Plaintiff