IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIAMOND DEVELOPMENT & )<br>INVESTMENTS, INC., )<br>)<br>Defendant. ) | CIVIL ACTION FILE<br><br>NUMBER 1:13-cv-2017-TCB |

**O R D E R**

This case is currently before the Court on Magistrate Judge King's Report and Recommendation (the "R&R") [21], which recommends that Plaintiff's motion for default judgment be granted. No objections to the R&R have been filed, but Defendant did file a motion to set aside default [23] after the period for filing objections had expired. In the motion, defense counsel claims that for some unknown reason he did not receive electronic filing notices in this case until the July 8, 2014 docket entry submitting the R&R to the Court for consideration. He also blames his office staff for his failure to defend this case.

Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for good cause. However, the judicial inquiry into whether good cause exists to set aside an entry of default may stop "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). While most failures to follow court orders are not willful, "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." *Id.* at 952.

Defendant has not filed anything in this case since November 18, 2013 despite numerous orders being issued, motions being filed, and other docket entries being entered. Indeed, Defendant filed a motion to dismiss on November 18 and should have checked the docket to see whether its motion had been responded to or ruled on, even if counsel did not receive electronic filing notices. In addition, the motion for default judgment has been pending since March 12, 2014 and the hearing thereon was held several months later. Given the passage of over seven months since Defendant's last filing and the fact that it had notice of this case, the Court

finds Defendant's explanation for its failure to respond disingenuous and that it willfully defaulted.  Moreover, despite claiming to have a meritorious defense, Defendant has not identified what that defense is, and Plaintiff will be prejudiced if Defendant is allowed to defend the case on the merits at this late juncture.  Accordingly, its motion will be denied.  Thus, the Court will consider the R&R, which remains unobjected to.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R.  *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1]  Where no objection to the R&R is made, it need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  After conducting a complete and careful review of the R&R,

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).  By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they

the district judge may accept, reject or modify the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732.  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1)(C).

The Court has carefully reviewed the R&R and finds no plain error in its factual or legal conclusions.  Therefore, the Court ADOPTS AS ITS ORDER the R&R [21].  Defendant's motion to set aside default [23] is DENIED.  Plaintiff's motion for default judgment [17] is GRANTED, and she is awarded damages as set forth in the R&R.  Plaintiff shall file, on or before July 16, 2014, a proposed judgment that provides a final calculation of her damages.

IT IS SO ORDERED this 9th day of July, 2014.

_____
Timothy C. Batten, Sr.
United States District Judge

---

are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).