## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BARBARA SM ITH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| -versus- | § | |
| | § | **FILE NO.:  1:13-cv-2017** |
| **DIAMOND DEVELOPMENT &** | § | |
| **INVESTMENTS, INC., d/b/a/** | § | |
| **DIAMOND DAVE'S STEAKHOUSE,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### MOTION TO VACATE AND ARGUMENT THEREFOR

Comes now Defendant, named above, by and through the undersigned attorney moves this court, pursuant to, *inter alia*,  Rule 60(b) for an order to set aside the default judgment entered in this action on July 9, 2014 and for leave to file the proposed answer a copy of which is attached to this motion.

Defendant should be granted relief from the default judgment in this matter because:

1.    Defendant has an absolute defense to this action i.e. that this corporate defendant operated sandwich shops in the 1990s and has been dormant since approximately 1994, does not now and never has  done business as Diamond Dave's Steakhouse and, has never employed Defendant.

2.    Defendant's failure to respond was due to unknown failures/glitches in the

1

electronic notification system, internet, yahoo.com or counsel's computer network.  Counsel religiously checks his email several times a day Monday through Friday yet for some unknown reason failed to receive electronic notice of several events/pleadings/orders/notices until he received the notice which precipitated Defendant's previous Motion.

3.    There is a quasi companion case to this action <u>Michael Fresh v. Diamond Development & Investments, Inc., d.b.a. Diamond Dave's Steak House, and David Ulmer</u>, Civil Action file No.: 1:13-cv-026457. ("The Fresh Case")

4.    A similar Motion To Dismiss as filed in this action remains pending in the "Fresh Case" and no action has taken place in that action.

5.    Defendant's counsel having instructed his new secretary/office helper to periodically check the status of the two cases was not aware that the employee checked only the docket of the "Fresh Case" and incorrectly reported that nothing appeared on the docket.

6.    It appears that there was also a misunderstanding concerning the difference between checking the printed docket in the physical office file and the online docket and that upon being instructed to "check the docket" the wrong docket may have been consulted.

7.    Under the circumstances to be carefully detailed in affidavits which will be provided shortly it will be demonstrated that the failure to make timely response in this action was "excusable neglect" within the meaning of *Rule*

*60(b)(1) of the Federal Rules of Civil Procedure.*

7.   Defendant Diamond Development & Investments, Inc. has a good and valid

defenses to all of the claims set out in the complaint in this action. In

summary, but as more fully argued below  Diamond Development &

Investments, Inc. will show that Barbara Smith has fraudulently and

dishonestly fabricated her false allegations which have no basis in truth or

fact.

8.   Barbara Smith was terminated because of, *inter alia* unacceptable

dereliction of duty, failure to perform her required tasks as documented by

third party investigative services, alienation of employees and causing loss

of employees.

9.   Barbara Smith has by means of demonstrably false testimony has

committed a fraud upon the Court.

10.   Diamond Development & Investments, Inc.  operated sandwich shops in

the early 1990s, has never done business as Diamond Dave's Steakhouse,

and has not conducted any business since the mid 1990s.

11.   Barbara Smith's claims of racial hostility or discrimination are false.  She

allowed her personal life to dominate her business responsibilities and

became inefficient, unproductive and extremely damaging to her actual

employer, who was not the Defendant in this action.

12.   A proposed answer setting out these, and other defenses is attached to this motion.

13.   There was no undue delay in bringing this motion, and Barbara Smith will not be unduly prejudiced if the court sets aside the default judgment in this matter and allows Diamond Development & Investments a trial on the merits.

## ARGUMENT AND CITATION OF AUTHORITY

### I.

### DIAMOND DEVELOPMENT & INVESTMENTS, INC. IS NOT A PROPER PARTY TO THIS ACTION

As clearly demonstrated by: Exhibit "A, " Proposed Answer; Exhibit "B," document package consisting of "B-1" Department of Treasury, IRS letter[1]; "B-2" letter from landlord; "B-3" Cobb County Tax Document;  "B-4" first page of lease agreement; and "C" Affidavit of Joan Louise Cartsworth; Diamond Development & Investments, Inc. is a dormant corporation that has never had any interest whatsoever in Diamond Dave's Steak House which is a trade name of Restaurant Development, Inc., d.b.a. Diamond Dave's Steakhouse and Barbara Smith, as a manager of Diamond Dave's Steakhouse had actual and constructive knowledge of that fact.

---

[1] FEIN redacted

II.

## NO PREJUDICE WILL INURE TO PLAINTIFF

The following is provided as supporting Defendant's position.  The voluminous foot notes have been omitted but are incorporated by reference from the work.

> 10A Fed. Prac. & Proc. Civ. § 2699 (3d ed.)
> Chapter 8. Judgment
> Rule 55. Default
> D. Setting Aside A Default
> § 2699 Absence of Prejudice to the Nondefaulting Party
>
> Because relief from a default entry or judgment essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the nondefaulting party caused by reopening the action.[FN1] Even though courts frequently express a concern for the party not in default, they generally conclude that no substantial prejudice will be caused by granting relief in the case before them, however.[FN2] Thus, for example, courts have ruled that the fact that plaintiff would have to try the case on the merits if relief is granted is not the kind of prejudice that should preclude relief.[FN3] Similarly, the fact that reopening the judgment would delay plaintiff's possible recovery has not, in itself, been deemed to bar relief.[FN4] Something more must be shown. Indeed, in most instances, the finding of no substantial prejudice reflects the ability of the court to impose terms and conditions on the granting of relief in order to compensate or otherwise protect the party not in default.[FN5] When no prejudice is apparent, courts naturally are favorably inclined toward setting aside a default entry or judgment.[FN6]

III.

## THE FRAUD OF PLAINTIFF MILITATES TOWARDS
## THE RELIEF SOUGHT

The entire Plaintiff's case is tainted with fraud.  This weighs heavily in favor of

Plaintiff.  See e.g.  Gomes v. Williams, C.A.10th, 1970, 420 F.2d 1364.

> "The vacation of a default judgment duly entered without fraud
> or overreaching, is not an action which the court should take
> arbitrarily or as a courtesy or favor to the losing party. Unless
> and until he shows that his default and the resultant judgment
> are attributable to his 'mistake, inadvertence, surprise or
> excusable neglect', the rule invoked confers no authority upon
> the court to vacate the judgment and allow him to answer ….
> Even when he makes the showing required by the rule, his
> claim to relief is not absolute. He merely invokes then, and by
> that showing, the exercise by the court of a sound judicial
> discretion as to whether the vacation solicited should be
> allowed." Ledwith v. Storkan, D.C.Neb.1942, 2 F.R.D. 539,
> 544–545.

Plaintiff has sworn that after being terminated she returned to collect a paycheck.

The Coatsworth Affidavit (Exhibit "C") presents sworn testimony and documentary

evidence that Plaintiff was paid by electronic deposit and that she did not return to the

premises to collect a paycheck. Barbara Smith swore that she was employed by

Diamond Development, Inc. d.b.a. Diamond Dave's Steakhouse and the contrary sworn

testimony and evidence shows that to be similarly false.  Having been impeached the

Court must take any and all of her averments with a rather large grain of salt.

Plaintiff has brought an action against the wrong party. This Court's jurisdiction is predicated upon the EEOC charges which may not be amended to add a distinct and different party Defendant at this state of the litigation. This is alluded to in the late Judge Forrester's opinion in <u>Smith v. Sentry Ins.</u>, United States District Court, N.D. Georgia, Atlanta Division. November 18, 1987 674 F.Supp. 1459 1987 WL 22075 wherein Judge Forester noted that new charges distinct from those brought in the EEOC charges could not be added at the district court level. <u>See also  Hillemann v. University of Central Fla.</u>, United States Court of Appeals, Eleventh Circuit. January 18, 2006 167 Fed.Appx. 7472006 WL 122430  new charges can not be brought at the trial court level. New parties similarly should not be permissible. This is not a case of misnomer as a totally and distinct new party would have to be added. Any recovery by Plaintiff is therefore impossible.

## CONCLUSION

No fault can be inpugned to the Defendant. For the reasons shown above, in Defendant's former Motion and in the Affidavits to be filed in the immediate future the Court is requested to inquire into these matters and GRANT this Motion or alternatively reconsider the denial of Defendants last Motion.

Respectfully submitted this 14th day of July 2014

JOHNSON & ASSOCIATES, P.C.          s/MICHAEL R. JOHNSON, SR.
5208 Roswell Rd.                    Michael R. Johnson, Sr.
Atlanta, GA  30342                  State Bar of Georgia 395056
Telephone (404) 688-7100            Attorney For Defendant
Facsimile  (678) 254-1792
attorneymichaelrjohnson@yahoo.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BARBARA SM ITH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| -versus- | § | |
| | § | **FILE NO.:  1:13-cv-2017** |
| **DIAMOND DEVELOPMENT &** | § | |
| **INVESTMENTS, INC., d/b/a/** | § | |
| **DIAMOND DAVE'S STEAK-** | § | |
| **HOUSE,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PROPOSED ANSWER AND DEFENSES

Defendant diamond Development & Investments, Inc. shows to the court and avers as follows:

## I.

### FIRST DEFENSE – INCORRECT PARTY

Defendant shows that it has never done business as Diamond Dave's Steakhouse and as a consequence this action should be dismissed.

## II.

### ANSWER

#### 1.

Defendant denies paragraph one of the Complaint.  In addition to having

EXHIBIT "A"

1

sued the wrong party all of Plaintiff's claims are false.

2.

Defendant denies paragraph two of the Complaint, Defendant has never done business as Diamond Dave's Steakhouse and has never employed Plaintiff.

3.

Defendant admits paragraph three of the complaint.

4.

Defendant denies paragraph four of the complaint. The alleged unlawful employment practices alleged in the complaint are fictitious.

5.

Defendant admits paragraph five of the Complaint.

6.

Defendant denies paragraph six of the complaint.

7.

Defendant admits that it may be served as alleged in paragraph seven of the Complaint but denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff.

8.

Defendant admits paragraph eight of the Complaint but denies that it

does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff.

9.

Defendant admits paragraph nine of the Complaint but shows that the issuance of a Notice of Right To Sue is not a finding on the part of the EEOC but rather an indication that the EEOC found nothing valid or actionable against this Defendant in Plaintiff's claims and declined to take action against Defendant.

10.

Defendant admits paragraph ten of the Complaint.

11.

Defendant denies paragraph eleven of the Complaint.

12.

Defendant denies paragraph twelve of the Complaint.

13.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff.  Any conversations had by Mr. Ulmer were in the context that both Ms. Smith and Mr. Fresh were married to other people, not as the result of any discriminatory bias and unrelated to this Defendant.

14.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph fourteen of the Complaint.

15.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph fifteen of the Complaint.

16.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph sixteen of the Complaint.

17.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff or that it has any restaurants and denies paragraph seventeen of the Complaint.

18.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph eighteen of the Complaint.

19.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph nineteen of the Complaint.

20.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph twenty of the Complaint.

21.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph fifteen of the Complaint.  The "relationship" was common knowledge and no "admission" was ever made or ever even necessary.

22.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph twenty-two of the Complaint.  Plaintiff did in fact request and receive a transfer to another restaurant but failed to report to work.

23.

Defendant denies that it does or ever has done business as Diamond

Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph twenty-three of the Complaint.

24.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph twenty-four of the Complaint.

25.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph twenty-five of the Complaint.

26.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph twenty-six of the Complaint.  Plaintiff did not receive paychecks but was paid electronically by money transfers.

**THERE ARE NO PARAGRAPHS 27**

**THROUGH 30 IN THE COMPLAINT**

31.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-one of the Complaint.

32.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-two of the Complaint. Plaintiff, due to her infatuation with Mr. Fresh, ran the restaurant into the ground, alienated and caused the loss of valuable employees, offered to give part of her salary to Mr. Fresh, has been accused of stealing from the restaurant to help purchase a motorcycle for Mr. Fresh and also otherwise did not perform her duties and caused substantial harm to the restaurants financial position.

33.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-three of the Complaint.

34.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies

paragraph thirty-four of the Complaint.

35.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-five of the Complaint.

36.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-six of the Complaint.

37.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-seven of the Complaint.

38.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph thirty-eight of the Complaint.

39.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies

paragraph thirty-nine of the Complaint.

40.

Defendant denies that it does or ever has done business as Diamond Dave's Steakhouse or that it has ever employed Plaintiff and denies paragraph forty of the Complaint.

WHEREFORE, having fully answered Defendant demands that this action be dismissed with all costs cast against the Plaintiff and that it receive appropriate awards of all costs fees and attorney's fees as a Rule 11 sanction against Plaintiff and her Attorney.

Respectfully submitted this ___ th day of _____, 2014.

JOHNSON & ASSOCIATES, P.C.        s/MICHAEL R. JOHNSON, SR.
5208 Roswell Rd.                            Michael R. Johnson, Sr.
Atlanta, GA  30342                          State Bar of Georgia 395056
Telephone (404) 688-7100               Attorney For Defendant
Facsimile  (678) 254-1792
attorneymichaelrjohnson@yahoo.com

CERTIFICATE OF SERVICE

I have this day served a true and complete copy of the above and

foregoing upon all parties via the Court's electronic filing system.

Respectfully submitted this _____ day of _____, 2014.

JOHNSON & ASSOCIATES, P.C.

s/MICHAEL R. JOHNSON, SR.

5208 Roswell Rd.
Atlanta, GA  30342
Telephone (404) 688-7100
Facsimile  (678) 254-1792
attorneymichaelrjohnson@yahoo.com

Michael R. Johnson, Sr.
State Bar of Georgia 395056
Attorney For Defendant

Department of the Treasury
Internal Revenue Service

ATLANTA, GA  39901

In reply refer to:  0716627554
Dec. 27, 1999   LTR 385C
52-2197573   000000 00 000
                        00562

RESTAURANT DEVELOPMENT INC
DIAMOND DAVE STEAKHOUSE
3271 STONEY ACRES DR
KENNESAW  GA  30152

Taxpayer Identification Number:  52-2197573

Dear Taxpayer:

Thank you for your Form 2553, Election by a Small Business
Corporation.

We accept your election to be treated as an S corporation with an
accounting period of Dec. 31, 1999, beginning Sep. 21, 1999.
Note:  If we examine your return, we will verify that this election
is appropriate for your situation.

The address on your election is different from the address on our
records.  If the address on your election is correct, please complete
and send us the enclosed Form 8822, Change of Address, so we may
update our records.

If you have any questions, please call us toll free at 1-800-829-1040.
If you prefer, you may write to us at the address shown at the top
of the first page of this letter.

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach you.
Keep a copy of this letter for your records.

Telephone Number (    )_____  Hours_____

Please keep this letter in your permanent records as proof of
acceptance as an S corporation.

EXHIBIT "B"

EXHIBIT "B-1"

**Hatfield Development Company, Inc.**

*[handwritten: 3/27/00]*

*[handwritten: Dave — See modification to Subor. Agreement at ¶¶ 4 & 6]*

March 20, 2000

*[handwritten: Also single complaints of violation of lease (1) loud speaker outside (2) Open until 3AM (3) More than 40% alcohol sales (4) People dancing on space carpeted for same]*

Restaurant Development, Inc.
d/b/a Diamond Dave's
Kennesaw Landing Shopping Center
2500 North Cobb Parkway, Suite D
Kennesaw, GA 30152

     Re: Kennesaw Landing Shopping Center

Dear Tenant:

     We are in the process of refinancing Kennesaw Landing Shopping Center. In connection with that refinancing we are enclosing two copies of each of our lender's Tenant Estoppel and Subordination, Non-Disturbance and Attornment Agreement (SNDA) forms. Please execute all of these documents in the space provided, and, in the case of the SNDA, please have your signatures witnessed and notarized.

     You are required, under the terms of your Lease, to sign these documents. We ask you cooperation and assistance in getting all originals back to us by Monday, March 27, 2000. I will be happy to come by and pick them up.

     If you have any questions, please call me.

                    Sincerely,

                    *[signature]*

                    Brooks Hatfield

*[handwritten: EXHIBIT "B-2"]*

Hatfield Development Company, Inc. / 6000 Lake Forrest Drive / Suite 560 / Atlanta, Georgia 30328 / 404-943-0100 / Fax: 404-943-9317



~~OWNING~~
COBB COUNTY TAX COMMISSIONER

**TORI STEELE**
CHIEF CLERK

E-mail: tax@cobborg.org or
tags@cobbtax.org

Visit us online at: www.cobbtax.org

Mail payment to:
P O Box 649
Marietta, GA 30061-0649

~~770-528-8679~~

PAY 2008 TAXES BY E-CHECK (FREE) OR CREDIT CARD
THROUGH OCTOBER 15, 2008 (FEE CHARGED BY PAYMENT PROCESSOR) AT
WWW.COBBTAX.ORG OR 1-866-PAY-COBB

**TAXPAYER COPY**



*P836939*

~~TAX BILL~~
315

DIAMOND DAVES STEAKHOUSE
RESTAURANT DEVELOPMENT, INC.
~~2490 COBB~~
KENNESAW GA  30152

**DISTRIBUTION OF
COBB COUNTY TAX DOLLAR**

COUNTY
TAXES
33.39%

STATE TAXES
0.87%



| PROPERTY IDENTIFICATION | 2490 COBB PKWY N | | | | | | |
|---|---|---|---|---|---|---|---|
| Personal Property Business 20959 | | | | C | T | GROSS VALUE | GROSS ASSESSMENT |
| | | | | 3 | | 16568 | x 40% = 6627 |

| TAXING AUTHORITY | GROSS ASSESSMENT | EXEMPTION | = NET ASSESSMENT | X RATE | = TAX | TOTAL |
|---|---|---|---|---|---|---|
| ~~SCHOOL GENERAL~~ | * 6627 | 0 | 6627 | 0.01890 | 125.25 | ~~$ 125.25~~ |

**AS LEVIED BY THE COBB COUNTY BOARD OF EDUCATION. State law requires the Cobb County Tax Commissioner
to collect school taxes which are combined on one bill for your convenience.**

| COUNTY GENERAL | 6627 | | | | |
|---|---|---|---|---|---|
| COUNTY BOND | 6627 | 0 | ~~6627~~ | ~~0.00682~~ | 45.20 |
| COUNTY FIRE | 6627 | 0 | 6627 | 0.00022 | 1.46 |
| | 6627 | 0 | 6627 | 0.00256 | 16.97 |

**AS LEVIED BY THE COBB COUNTY BOARD OF COMMISSIONERS**

| | | | | | | $ |
|---|---|---|---|---|---|---|

| STATE | 6627 | 0 | 6627 | 0.00025 | 1.66 | $ 1.66 |
|---|---|---|---|---|---|---|

PENALTY FOR NOT

$ 208.65   Form PPB

*LATE CHARGES* apply Oct. 16th

EXHIBIT "B-3"

## LEASE

THIS LEASE, dated as of October 29, 1999, by and between **KENNESAW LANDING, LLC** ("Landlord"), and **RESTAURANT DEVELOPMENT, INC. d/b/a Diamond Dave's** ("Tenant").

### W I T N E S S E T H:

FOR AND IN CONSIDERATION of the payment of rent, and the keeping and performing of the covenants and agreements hereinafter set forth to be kept and performed by Landlord and Tenant, Landlord hereby leases to Tenant and Tenant hereby leases from Landlord certain store premises located at 2500 North Cobb Parkway, Suite D, Kennesaw, Georgia 30152 (the "Premises") which are a part of shopping center development known as "Kennesaw Landing Shopping Center" (the "Shopping Center") situated in the City of Kennesaw, Cobb County, Georgia, which Premises and Shopping Center are more particularly described hereinbelow, for the term, at the rental, and subject to and upon all of the terms and conditions hereinafter set forth.

### ARTICLE I

### FUNDAMENTAL LEASE PROVISIONS AND EXHIBITS

1.1 **Fundamental Lease Provisions.**

| | | |
|---|---|---|
| A. | Square Feet of Premises: | 4,000 |
| B. | Term: | Ending October 31, 2004 |
| C. | 1st Year Annual Minimum Rent: | $28,000.00 |
| D. | 1st Year Monthly Minimum Rent: | $2,333.33 |
| E. | Percentage Rent: | N/A |
| F. | Security Deposit: | $1,000.00 |

1.2 **Exhibits.**

The exhibits listed in this Section 1.2 and attached to this Lease are incorporated in this Lease by this reference, and are to be construed as part of this Lease.

| | |
|---|---|
| Exhibit A: | Site Plan of Shopping Center; |
| Exhibit B: | Legal Description of Shopping Center; |
| Exhibit C: | Rules and Regulations; |
| Exhibit D: | Guaranty; and |
| Exhibit E: | Sign Criteria |

EXHIBIT "B-4"

COUNTY OF COBB:

STATE OF GEORGIA:

### AFFIDAVIT OF JOAN LOUISE COATSWORTH

Came before the undersigned attesting officer, authorized by law to administer oaths, Joan Louise Coatsworth, who having been placed upon her oath, pursuant to law, testified and deposed as follows:

1.    My name is Joan Louise Coatsworth.

2.    I am over the age of twenty-one (21) years and competent in all aspects to make this affidavit.

3.    I have been the bookkeeper for Restaurant Development, Inc. d.b.a. Diamond Dave's Steakhouse the corporation that owns Diamond Dave's Steakhouse and Piano Bar located at 2500 N. Cobb Parkway, Kennesaw, Cobb County, Georgia 30152 for approximately fifteen years.

4.    All of the documents attached to the foregoing pleading as Exhibits thereto and the Exhibits attached to this Affidavit are all copies of genuine documents which I maintain and am custodian of in the normal course of my duties.

5.    No other corporation or entity has ever owned or operated Diamond Dave's Steakhouse.

6.    Barbara Smith worked at Diamond Dave's Steakhouse and was employed and paid electronically by Worklife Financial of GA, LLC.  See Exhibit "A"

EXHIBIT "C"

hereto.

7.     Barbara Smith was never paid by check but was paid electronically and did

not come to the place of business to collect her final check.  She was in fact

overpaid electronically and took some time to repay the overpayment.  Her

statements and allegations that she returned to the business to pick up her final

paycheck are false.

8.     Barbara Smith issued purchase orders and paid may invoices submitted and

made out to Restaurant Development, Inc. d.b.a. Diamond Dave's Steakhouse

with company checks from Restaurant Development, Inc. d.b.a. Diamond Dave's

many hundreds of times.  She was aware that diamond Dave's Steakhouse was

owned by Restaurant Development, Inc.  Several checks representative of the

hundreds of checks she issued are attached hereto as Exhibit "B."

9.     The averments, facts and allegation s contained in the proposed answer

attached to the foregoing pleading are all true and correct.

FURTHER DEPONENT SAYETH NAUGHT.

Sworn to and subscribed
before me this 13 day
of July, 2014.

Joan Louise Coatsworth
Affiant

**Diamond Dave's**

000534124

| EMPLOYEE ID | EMPLOYEE NAME | | DATE | VACATION | SICK | START PERIOD | END PERIOD |
|---|---|---|---|---|---|---|---|
| 015120151 | BARBARA SMITH | | 6/28/2012 | 0.00 | 0.00 | 6/4/2012 | 6/17/2012 |

| EARNINGS | | | | TAXES | | | DEDUCTIONS | | BENEFITS | |
|---|---|---|---|---|---|---|---|---|---|---|
| Code | Rate | Hours | Amount | Code | Withheld | Year-to-date | | | | |
| SALARY | $600.00 | 80.00 | $600.00 | FICA | | | | | | |
| SAL-2 | | | | MEDICARE | $8.70 | $113.10 | | | | |
| | | | | SOC.SEC | $25.20 | $327.60 | | | | |
| | | | | FEDERAL | | | | | | |
| | | | | STATE | | | | | | |
| | | | | LOCAL | | | | | | |

GROSS YTD $7,800.00  NET YTD $7,359.30  NET PAY $566.10

| | TOTAL: | 80.00 | $600.00 | | $33.90 |
|---|---|---|---|---|---|

Message to you:

Message to all employees:

**ACH Direct Deposit** | Actual Deposit Amount $566.10
061000227, CHECKING Acct: ******6247, Remainder of Netpay($566.10)
Total Deposits: | $566.10

EXHIBIT "A"

---

**Diamond Dave's**
Worklife Financial of GA, LLC
6455 Shiloh Rd.
Suite A
Alpharetta, GA 30005

Chase Bank
Long Lake/Rochester #125
Troy, MI 48098

000534124

Date **June 28, 2012**   Amount 0.00

Pay **zero and xx / 100 Dollars**

To The Order Of: **BARBARA SMITH**
**4111 ELENA WAY**
**WOODSTOCK, GA 30188**

***VOID***

VOID AFTER 180 DAYS

⑈000534124⑈ ⑆072000326⑆ 6847

RESTAURANT DEVELOPMENT IIC.
DBA DIAMOND DAVE'S STEAKHOUSE
2500 COBB PKWY, N.W. SUITE D
KENNESAW, GA 30152-3495
PH. 770-499-7740

15667

84-56/611 GA
123

DATE 2-19-11

PAY TO THE
ORDER OF The Cashier's Partners Ltd                    $ 208,275

Two thousand Eighty three ᵉ ⁷⁵/₁₀₀                    DOLLARS

Bank of America

ACH R/T 061000052

FOR_____

⑈0⑊5667⑊ ⑈0⑊⑊⑊000052⑈ 003₂704

July rent
2011

Exhibit
"B-1"



EXHIBIT
B-2

RESTAURANT DEVELOPMENT, INC.
DBA DIAMOND DAVE'S STEAKHOUSE
2500 COBB PKWY. N.W. SUITE D
KENNESAW, GA 30152-3495
PH. 770-499-7748

16438

64&8610 GA
122

PAY
TO THE
ORDER OF   The Partners Partners L.L.C.

DATE  2-2-14

Three thousand & 00/00                                            $  3000.00

                                                         DOLLARS

Bank of America

ACH R/T 061000052

FOR  Company Cash Deposit

"016438"   ":061000052:   0032704"

EXHIBIT
"B-3"

## CERTIFICATE OF SERVICE

I have this day served a true and complete copy of the above and foregoing upon all parties via the Court's electronic filing system.

Respectfully submitted this 14th day of July, 2014

JOHNSON & ASSOCIATES, P.C.

s/MICHAEL R. JOHNSON, SR.

5208 Roswell Rd.                    Michael R. Johnson, Sr.
Atlanta, GA  30342                  State Bar of Georgia 395056
Telephone (404) 688-7100            Attorney For Defendant
Facsimile  (678) 254-1792
attorneymichaelrjohnson@yahoo.com

9