IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:13-cv-2017-TCB |
| DIAMOND DEVELOPMENT & ) | |
| INVESTMENTS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court are Defendant Diamond Development & Investments, Inc.'s ("Diamond") motion for supersedeas pending appeal [34] and motion to proceed in forma pauperis on appeal [36]. For the reasons that follow, both motions will be denied.

### I.  Factual Background

Plaintiff Barbara Smith filed this employment discrimination action against Diamond, a corporate entity alleged to have been doing business as Diamond Dave's Steakhouse, Smith's former employer. Following the denial of Diamond's motion to dismiss on January 28, 2014, Diamond was

given fourteen days to file its responsive pleading. It failed to do so, and on March 4, default was entered as to Diamond.

Thereafter, Smith filed a motion for default judgment and supplemental affidavits. Diamond did not respond. On June 19, 2014, Magistrate Judge King entered a Final Report and Recommendation (the "Final R&R") recommending that the motion be granted and making specific recommendations regarding the categories and amounts of damages that should be awarded to Smith. On July 9, after the time to file objections to the Final R&R had passed, Diamond filed a motion to set aside default. Later that day, this Court denied Diamond's motion to set aside default and adopted the Final R&R as its Order. Five days later, on July 14, Diamond filed a motion to set aside the July 9 Order, which was denied on July 21. On July 22, final judgment was entered against Diamond in the amount of $71,982.83.

Diamond has now filed a notice of appeal from the final judgment, the order denying its motion to dismiss, and the orders denying its motions to set aside. Through the two motions now under consideration, Diamond requests a stay of any post-judgment collection efforts by Smith while its appeal is pending, and it seeks leave to proceed *in forma pauperis* on

appeal. In support of its supersedeas motion, Diamond insists that it was not properly served in this action—an argument which was considered but rejected when Diamond's motion to dismiss was denied—and it contends that it therefore is likely to prevail on its appeal. Both motions are premised on Diamond's additional assertions that that it has been dormant since approximately 1994 and is merely a "'shelf' corporation that transacts no business and has no assets or income" from which it could satisfy the judgment or pay any costs of appeal.

## II.   Analysis

The Court will first address Diamond's motion to proceed *in forma pauperis* on appeal, because binding Supreme Court precedent mandates it be denied. Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which allows a court, under certain circumstances, to authorize a "person" to commence an appeal without prepayment of fees. 28 U.S.C. § 1915(a)(1). It is well settled that "'person' in § 1915(a) refers only to individuals" and that therefore "only a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 203-04 (1993).

Because Diamond is a corporate entity and not a natural person, its motion to proceed in forma pauperis must be denied.

Diamond's motion for supersedeas pending appeal is governed by Federal Rule of Civil Procedure 62. Pursuant to Rule 62(d), Diamond may obtain a stay pending resolution of its appeal by posting a bond. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[1] Diamond has not posted a supersedeas bond, and from its filings in this Court, which repeatedly reference Diamond's lack of assets, it is clear that Diamond seeks a waiver of the supersedeas bond.

There are two circumstances under which the "usual requirement of a full security supersedeas bond" can be waived, each of which requires the moving party to "objectively demonstrate" valid reasons for the waiver. *Id.* at 1191. First, the supersedeas bond may be waived when the moving party shows it is presently able to satisfy the judgment and presents a plan to maintain solvency during the pendency of an appeal. *Id.* Second, the requirement of a supersedeas bond may be waived "if the judgment

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Id.* But when waiving the bond as imposing an undue financial burden, a court is required to "fashion some other arrangement for substitute security . . . which would furnish equal protection to the judgment creditor." *Id.*

Diamond has failed to objectively demonstrate that waiver is justified in this case under either of these conditions. Diamond submitted an affidavit with its application to proceed *in forma pauperis* showing that Diamond transacts no business, has received no income for the past twelve months, owns no assets, and is not owed any money. That affidavit forecloses any possibility that Diamond is presently able to satisfy the judgment. It does indicate that posting a bond might work an undue hardship on Diamond, but even if Diamond had clearly shown such a hardship to exist, it has failed to offer any alternative means of protecting Smith's interests pending appeal. The burden is on Diamond as the moving party "to propose a plan that will provide adequate (or as adequate as possible) security for" Smith during the pendency of the appeal. *Rowell v. Metro. Life Ins. Co.*, No. 1:12-cv-491-WSD, 2014 WL 4185768, at *2 (N.D. Ga. Aug. 22, 2014) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales,*

*Inc.*, No. 86-5763, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992)). This Diamond has wholly failed to do.

The power to waive a supersedeas bond "has been exercised only in extraordinary circumstances and only where alternative means of securing the judgment creditor's interest were available." *Rowell*, 1992 WL 114953 at *2. Even assuming that "extraordinary circumstances" are satisfied in this case due to Diamond's claimed lack of resources, the complete lack of alternative means of protecting Smith's interests during the pendency of the appeal preclude granting Diamond the relief it seeks. Accordingly, the Court declines to exercise its discretion to stay the judgment pending appeal absent a supersedeas bond.

There is no deadline for filing of a supersedeas bond under Rule 62(d), which expressly provides that bond may be given "after filing the notice of appeal or after obtaining the order allowing the appeal." Thus, it is still possible for Diamond to obtain the stay it requests if it posts a bond. The amount of the supersedeas bond is left to the district court's discretion but generally should cover the potential judgment, appeal costs, interest and damages for the delay. *Poplar Grove*, 600 F.2d at 1191; *DeKalb Cnty. Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006) (citing 11

6

CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2905, at 522, n.12 (2d ed. 1995)).  The Court determines that a supersedeas bond in the amount of $75,000 will provide adequate security to Smith during the appeal.  Diamond's motion for supersedeas pending appeal will be denied without prejudice to re-file at or after the time that such bond is posted.

### III. Conclusion

For the foregoing reasons, Defendant Diamond Development & Investments, Inc.'s motion for supersedeas pending appeal [34] is DENIED WITHOUT PREJUDICE, and its motion for leave to proceed in forma pauperis on appeal [36] is DENIED.

IT IS SO ORDERED this 10th day of September, 2014.

_____
Timothy C. Batten, Sr.
United States District Judge